[Cite as *Higgins v. Greater Cleveland Regional Transit Auth.*, 2026-Ohio-3120.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| TALEEMAH HIGGINS, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 116251 |
| v. | : | |
| GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, | : | |
| Defendant-Appellee. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 13, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-119314

---

### *Appearances:*

Obral Silk & Pal, Mark J. Obral, Shymon Warszawski, and Alexander L. Pal, *for appellant*.

Janet E. Burney, General Counsel-Deputy General Manager for Legal Affairs, and Brian R. Gutkoski, and Chad Schmitt, Associate Counsel II, *for appellee*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Taleemah Higgins ("Higgins") appeals the trial court's granting Greater Cleveland Regional Transit Authority's ("RTA") and the RTA bus driver's

("the Driver") motion to dismiss this tort case. For the following reasons, we reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 2} According to the record in this case, on July 25, 2023, Higgins was boarding an RTA bus when the Driver closed the bus door on her leg resulting in injuries. Higgins filed a complaint against RTA and the Driver on June 13, 2025, and RTA moved to dismiss some of the claims in the complaint. Higgins filed an amended complaint and RTA moved to dismiss some of the claims in the amended complaint. Higgins filed a second amended complaint alleging two claims, negligence against RTA and reckless conduct against the Driver. RTA moved, pursuant to Civ.R. 12(B)(6), to dismiss Higgins' second claim against the Driver. RTA did not move to dismiss Higgins' first claim against RTA. Nonetheless, on February 19, 2026, the court dismissed the entire complaint against both RTA and the Driver for failure to state a claim upon which relief may be granted, finding that RTA and the Driver were immune from liability under R.C. Ch. 2744.

{¶ 3} On February 23, 2026, Higgins filed a Civ.R. 60(B) motion for relief from judgment and, on March 17, 2026, Higgins filed an appeal from the dismissal of her complaint. Higgins' Civ.R. 60(B) motion remains pending in the trial court. In her appeal, Higgins raises the following assignments of error for our review:

> I. The trial court erred in granting the Defendant's Civ.R. 12(B)(6) Motion to Dismiss.

II.     The trial court erred in finding that GCRTA was immune from liability when it failed to apply the Motor Vehicle exception to the Political Subdivision Immunity pursuant to R.C. 2744.0[2(B)(1)].

III.     The trial court erred in dismissing claims alleging reckless conduct under R.C. 2744.03(A)(6).

## II. Law and Analysis

### A. Law

### 1. Civ.R. 12(B)(6) Motion to Dismiss

{¶ 4} Appellate courts review a Civ.R. 12(B)(6) dismissal under a de novo standard, "performing an independent review of the record and giving no deference to the lower court's decision." *Bitounis v. Interactive Brokers, L.L.C.*, 2026-Ohio-2268, ¶ 11. This court must "accept the factual allegations in the amended complaint as true and make all reasonable inferences in favor of the nonmoving party to determine, as a matter of law, whether the allegations in the amended complaint state a claim for relief within the scope of," in this case, R.C. Ch. 2744's political subdivision immunity. *Id.* "The question is not whether the plaintiffs will ultimately prevail, but whether the factual allegations, which we assume to be true, describe conduct falling within the purview of" the applicable law. *Id.*

### 2. Political Subdivision Immunity

{¶ 5} Whether a political subdivision is immune from tort liability involves a three-tiered analysis. *Moore v. Lorain Metro. Hous. Auth.*, 2009-Ohio-1250, ¶ 9.

{¶ 6} First, pursuant to R.C. 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury . . . to [a] person . . . allegedly caused by

an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶ 7} Second, if immunity applies, courts turn to R.C. 2744.02(B), which details exceptions to the rule in favor of immunity. Relevant to this case, R.C. 2744.02(B)(1) states as follows: "political subdivisions are liable for injury . . . to [a] person . . . caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority."

{¶ 8} Third, if an exception to immunity applies, R.C. 2744.03(A) lists defenses political subdivisions and their employees may assert to establish nonliability. Relevant to this case, R.C. 2744.03(A)(6)(b) states that a political subdivision "employee is immune from liability unless . . . [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner . . . ." In other words, recklessness in the context of R.C. 2744.03(A)(6)(b), "necessarily requires something more than mere negligence." *O'Toole v. Denihan*, 2008-Ohio-2574, ¶ 74. Additionally, "R.C. 2744.03(A)(6) by its very terms applies only to individual employees and not to political subdivisions." *Fabrey v. McDonald Village Police Dept.,* 70 Ohio St. 351, 356 (1994).

### B. Analysis

#### 1. Preliminary Issues

{¶ 9} Before addressing Higgins' assignments of error, we will discuss preliminary issues that RTA raises on appeal outside the merits of this case. In its

appellate brief, RTA argues that we "should dismiss [this case] or summarily affirm [the trial court's judgment] for non-compliance with the appellate rules . . . ." Specifically, RTA argues that Higgins' appellate brief fails to comply with App.R. 12 and 16 for three reasons:  1) it fails to identify the alleged error in the record; 2) it raises "arguments and issues" not raised in the trial court; and 3) it references a deposition transcript that was not filed with the court.

{¶ 10} We disregard all of RTA's preliminary arguments because they are based on a complete misunderstanding and misinterpretation of the Appellate Rules.

### a. Citation to the Record

{¶ 11}  Pursuant to App.R. 12(A)(2), the "court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based . . . ."  This case was dismissed on a Civ.R. 12(B)(6) motion, and in her appellate brief, Higgins cites the alleged error as occurring when the court granted the Civ.R. 12(B)(6) dismissal and issued the February 19, 2026 journal entry memorializing this dismissal.  Higgins did not fail to identify the alleged error in the record.

### b. Issues Raised

{¶ 12}  Generally, "[i]ssues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal."  *Miller v. Romanauski*, 2014-Ohio-1517, ¶ 35.  In this case, Higgins filed a brief in the trial court opposing RTA's motion to dismiss as being improper under Civ.R. 12(B)(6) and R.C. Ch. 2744.

Higgins' brief in opposition focused on wanton or reckless conduct by the Driver, which was alleged in the second cause of action in her second amended complaint. Higgins' brief in opposition did not cite R.C. 2744.02(B)(1), which governs the negligent operation of a motor vehicle, because RTA did not move the court to dismiss Higgins' first claim against it. Simply put, there was no reason to raise R.C. 2744.02(B)(1) in the trial court because there was nothing to resolve at that time. To hold that Higgins could not raise this specific issue for the first time on appeal would be unjust, because the trial court, sua sponte, and with no notice or opportunity to be heard, dismissed the first claim against RTA. *See Melling v. Scott*, 2016-Ohio-112, ¶ 7 (8th Dist.) (A sua sponte "dismissal is generally not countenanced. Dismissals without notice are fundamentally unfair to the parties and should be reserved for the plainly frivolous case.").

### c. Transcripts

{¶ 13} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). In this case, no transcripts of depositions were filed because the case was dismissed at the preliminary stage of a Civ.R. 12(B)(6) motion, which can only be ruled upon by looking at the four corners of the complaint. Higgins' reference to her deposition in her appellate brief is of no

consequence to this appeal because review of her deposition is not necessary, or even authorized, to resolve her assignments of error.

{¶ 14} We now turn to the merits of Higgins' assignments of error in this case.

## 2. Dismissal Based on Political Subdivision Immunity

### a. First Tier

{¶ 15} It is undisputed that RTA is a political subdivision under R.C. 306.31 and operating a busline is a proprietary function under R.C. 2744.01(G)(2)(c). *See Penn v. Regional Transit Auth.*, 2021-Ohio-2102, ¶ 22 (8th Dist.). Therefore, in the first tier of our analysis, immunity applies under R.C. 2744.02(A)(1).

### b. Second Tier

{¶ 16} R.C. 2744.02(B)(1) states that immunity does not apply to the negligent operation of a motor vehicle if that operation is within the scope of employment. In *Morgan v. Greater Cleveland Regional Transit Auth.*, 2025-Ohio-1655, ¶ 43 (8th Dist.), this court found that "closing the bus doors falls within the plain and ordinary meaning of 'operating' the bus. Indeed, operating the bus doors is a normal and necessary function of driving the bus." Higgins' second amended complaint alleged that the Driver was an RTA employee who negligently operated an RTA bus when he closed the door on her foot as she was boarding the bus[1] and

---

[1] On appeal, RTA states that Higgins' second amended complaint alleges that she was injured when the door closed on her leg as she was exiting the bus. However, Higgins' second amended complaint alleges that she was injured when the door closed on her leg "while getting onboard" the bus.

failed to stop the bus after she sustained an injury to her leg. These allegations fall squarely under the scope of R.C. 2744.02(B)(1).

{¶ 17} In its appellate brief, RTA's argument concerning R.C. 2744.02(B)(1) is limited to pointing out that Higgins did not raise R.C. 2744.02(B)(1) in the trial court and cannot raise R.C. 2744.02(B)(1) for the first time on appeal. As stated previously, we agree that Higgins did not raise this immunity exception in the trial court. However, we find she did not raise it for good reason — RTA did not move the trial court to dismiss Higgins' first cause of action, which was a negligence claim against RTA. In fact, the caption of RTA's motion to dismiss is: "Greater Cleveland Regional Transit Authority's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint and Dismiss the John Doe Defendant." RTA does not make any other argument against the application of R.C. 2744.02(B)(1) in this case. We rejected this argument when RTA raised it as a preliminary issue and we reject this argument as a reason to affirm the dismissal of Higgins case on the merits.

{¶ 18} Upon our de novo review, and accepting Higgins' factual allegations as true, as we must, we find that Higgins' allegations that the Driver negligently operated an RTA bus are within the scope of R.C. 2744.02(B)(1) under the second tier of the political subdivision immunity test.

### c. Third Tier

{¶ 19} Under the third tier of the immunity analysis, R.C. 2744.03(A)(6) "permits plaintiffs to sue and hold liable employees of a political subdivision if the employees' acts or omission in the course and scope of their employment were

wanton or reckless." *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 7.

{¶ 20} Higgins' second amended complaint alleges that the Driver "operated the GCRTA vehicle in a reckless and/or willful and/or wanton manner." The complaint further alleges that "as a direct and proximate result of the willful, wanton acts demonstrating a reckless and conscious disregard by [the Driver] . . . Higgins sustained injuries to her person . . . ." These allegations, if taken as true, are clearly sufficient to survive a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *See Maternal* at ¶ 11 ("[W]hen a complaint invokes the exception to a government employee's immunity under R.C. 2744.03(A)(6)(b), notice pleading suffices and the plaintiff may not be held to a heightened pleading standard or expected to plead the factual circumstances surrounding an allegation of wanton or reckless behavior with particularity.").

{¶ 21} The trial court found in its journal entry, and RTA argues on appeal, that Higgins alleges that the Driver engaged in wanton and reckless conduct "when, after failure to ensure the doors to the vehicle were clear and free of all hazards and/or obstructions, fled the scene of the injury . . . ." In other words, according to RTA, the only recklessness that Higgins alleged occurred after the injury and "there is no indication that fleeing the scene would 'in all probability result in injury' . . . ." To support this line of reasoning, RTA cites *A.J.R. v. Lute*, 2020-Ohio-5168. A review of *A.J.R.* shows it resolved an immunity dispute at the summary judgment

stage of the proceedings and had nothing to do with a Civ.R. 12(B)(6) motion to dismiss.

{¶ 22} "The Civ.R. 12(B)(6) dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after presuming the truth of all factual allegations of the complaint and making reasonable inferences in a nonmoving party's favor, it appears beyond doubt that the nonmoving party could prove no set of facts entitling the moving party to the requested relief." *Formoso v. Parma Hts.*, 2026-Ohio-2189, ¶ 12 (8th Dist.). Political subdivision immunity is an affirmative defense and, in this context, Ohio courts have held that "[u]nder the rubric of notice pleading, a plaintiff has no obligation to anticipate the assertion of an affirmative defense and allege facts to disprove that defense in its complaint." *DSS Servs., LLC v. Eitel's Towing, LLC*, 2019-Ohio-3158, ¶ 10 (10th Dist.).

{¶ 23} Under the third tier of the immunity analysis, an employee of a political subdivision is immune from liability unless he or she acts recklessly. R.C. 2744.03(A)(6)(b). Higgins' second amended complaint alleges that the Driver acted recklessly, within the scope of his employment and that this conduct caused her injuries. Factual disputes about causation are not appropriately considered when ruling on a Civ.R. 12(B)(6) motion to dismiss. *See, e.g., Aetna Better Health, Inc. v. Colbert,* 2012-Ohio-6206, ¶ 16 (10th Dist.) ("Resolution of factual disputes is outside our purview in reviewing a motion to dismiss and is a matter for summary judgment or trial.").

{¶ 24} In summary, Higgins' second amended complaint sufficiently sets forth factual allegations, which we assume to be true at this stage of the proceedings, that describe negligent and reckless conduct falling within the purview of Ohio law. Granting dismissal of this complaint based on the affirmative defense of political subdivision immunity was premature. *See Brannon v. Edman*, 2018-Ohio-70, ¶ 9 (9th Dist.) (A "Civ.R. 12(B)(6) motion to dismiss based upon an affirmative defense is only properly granted where the defense is conclusively established from the face of the complaint.").

{¶ 25} Accordingly, all three of Higgins' assignments of error, which allege that the court erred by dismissing her case, are sustained.

{¶ 26} Judgment reversed and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR